IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CRA, INC.,<br><br>        Plaintiff,<br><br>  v.<br><br>OZITUS INTERNATIONAL, INC.,<br><br>        Defendant. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action No.<br>16-5632 (JBS-AMD)<br><br>**MEMORANDUM OPINION** |

**SIMANDLE**, District Judge:

    This matter is before the Court on the unopposed motion of Defendant Ozitus International, Inc.'s ("Defendant") to dismiss the Complaint with prejudice. [Docket Item 117.] For the reasons explained below, the Court will grant Defendant's motion and dismiss the Complaint with prejudice. The Court finds as follows:

    1. In this action, Plaintiff CRA, Inc. ("Plaintiff") generally alleges that Defendant tortiously interfered with Plaintiff's contracts with the County of Camden and with contracts between Plaintiff and its employees, induced Plaintiff's employees to breach their confidentiality and non-compete agreements with Plaintiff, and wrongfully hired Plaintiff's employees to provide the same services to the County of Camden that Plaintiff had provided before Defendant allegedly interfered with that business relationship. [Docket Item 1.]

2. Plaintiff is a Delaware corporation with its principal place of business located in Virginia. [Docket Item 1 at ¶ 1.] Pursuant to the common law and 28 U.S.C. § 1654, a corporation may appear in the federal courts only through licensed counsel and may not proceed pro se. See Rowland v. California Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 201 (1993) (citing Osborn v. President of Bank of United States, 9 Wheat. 738, 829 (1824)).

3. Mr. Robert C. Brady, Esq. of Gibbons, PC, signed the Complaint and became counsel of record for Plaintiff. [Docket Item 1-1.] Thereafter, Mr. Michael S. O'Reilly, Esq. and Mr. Christopher P. Fox, Esq. of O'Reilly Stoutenberg Richards, LLP, applied for, and were granted, admission to represent Plaintiff as pro hac vice counsel. [Docket Items 20 & 21]. On October 3, 2017, Mr. O'Reilly and Mr. Fox withdrew their pro hac vice appearances in this matter. [Docket Items 78 & 79.] Ms. Roya Vasseghi, Esq., and Ms. Mariam Tadros, Esq. were subsequently admitted pro hac vice to represent Plaintiff with Mr. Brady [Docket Item 105], but filed an Emergency Motion to Withdraw as counsel on the basis of "irreconcilable differences regarding the representation." [Docket Item 108.] That motion was granted by the Honorable Ann Marie Donio on October 1, 2018. [Docket Item 110.] That left Mr. Brady as the sole attorney representing Plaintiff in this case.

4. On December 12, 2018, Mr. Brady filed his own motion to withdraw as attorney [Docket Item 113], wherein he certified that

"issues arose regarding the non-payment of Gibbons P.C.'s invoices" and that, on October 31, 2018, Plaintiff's new Chairman, General Bruce Lawlor (U.S. Army, retired) sent Mr. Brady an email stating in part: "[k]indly accept this as a notice for you to cease all work on behalf of CRA, Inc." [Docket Item 113-1 at ¶¶ 4, 7.] According to Mr. Brady, after receiving that email, he had several conversations with General Lawlor where the need for Plaintiff to retain new counsel was discussed and General Lawlor "has advised that Jennifer T. Langley, Esq. of Inman & Strickler P.L.C., a member of the Virginia Bar, with offices located in Virginia Beach, Virginia has been retained on behalf of CRA, Inc.," and "she plans to make an appearance, but first needs to retain New Jersey Counsel." [Id. at ¶ 8.] As of the date of Mr. Brady's December 12, 2018 filing, "this has not happened." [Id.]

5. On January 10, 2019, the Honorable Ann Marie Donio entered an Order allowing Mr. Brady to withdraw as counsel for Plaintiff. [Docket Item 114.] Judge Donio ordered that Plaintiff "shall obtain an attorney and have new counsel enter an appearance on its behalf in this case **within thirty (30) days** from the date of entry of this Order." [Id.] (emphasis in original). Judge Donio further ordered that Gibbons, P.C. shall serve a copy of this Order on Plaintiff and file proof of such service on the docket. [Id.] Mr. Brady subsequently filed proof of service on the docket, indicating that the Order was delivered to General Lawler and signed for by

3

authorized agent Nicole Luster. [Docket Item 116.] The deadline for Plaintiff to retain new counsel and for entry of their appearance on the docket expired on February 9, 2019, without any action being taken.

6. On March 5, 2019, Defendant filed the instant motion to dismiss with prejudice. [Docket Item 117.] While Defendant does not cite a rule in support of its motion, the Court surmises that Defendant seeks dismissal of the Complaint for Plaintiff's failure to prosecute pursuant to Rule 41(b), FED. R. CIV. P.

7. Under Rule 41(b), which governs involuntary dismissal, a defendant may move to dismiss an action or any claims against it where the plaintiff either fails to prosecute the case or fails to comply with court rules or orders. FED. R. CIV. P. 41(b). The Rule expressly provides that a dismissal order pursuant to 41(b) "operates as an adjudication on the merits" unless the order states otherwise. Id. "Failure to prosecute does not require that the party take affirmative steps to delay the case. A failure to comply with court orders, failure to respond to discovery or other failure to act is sufficient to constitute lack of prosecution." Melvin v. Astbury, 2006 WL 1084225, at *2 (D.N.J. Apr. 21, 2006) (citing Adams v. Trs. of the New Jersey Brewery Emps.' Pension Trust Fund, 29 F.3d 863, 875 (3d Cir. 1994); Nat'l Hockey League v. Metro. Hockey Club, 427 U.S. 639, 640-641 (1976)).

8. The Third Circuit requires "that a district court must consider [the Poulis factors] before dismissing an action for failure to prosecute." Clarke v. Nicholson, 153 F. App'x 69, 72 (3d Cir. 2005) (citing Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984)). The six Poulis factors include:

> (1) the extent of the nonmoving party's personal responsibility;
>
> (2) the prejudice to the moving party caused by the failure to meet scheduling orders and respond to discovery;
>
> (3) a history of dilatoriness;
>
> (4) whether the conduct of the party or attorney was willful or in bad faith;
>
> (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and
>
> (6) the meritoriousness of the claim or defense.

Clarke, 153 F. App'x at 72. However, the Court need not engage in an analysis of the six Poulis factors in cases where a party willfully abandons her case or otherwise makes adjudication of the matter impossible. See, e.g., Sebrell ex rel. Sebrell v. Phila. Police Dep't, 159 F. App'x 371, 373–74 (3d Cir. 2005); Spain v. Gallegos, 26 F.3d 439, 454–55 (3d Cir. 1994); see also Abulkhair v. New Century Fin. Servs., Inc., 467 F. App'x 151, 153 (3d Cir. 2012). Moreover, in analyzing the Poulis factors, the Court bears in mind that dismissal with prejudice, as requested by Defendant here, is a "drastic sanction[], termed 'extreme' by the Supreme Court, . . .

[which should be reserved for cases comparable to . . . 'flagrant bad faith' and 'callous disregard.'" Harris v. City of Philadelphia, 47 F.3d 1311, 1330 n.18 (3d Cir. 1995).

9. As noted above, a corporation may not represent itself pro se, Plaintiff currently has no attorney in this matter, and more than 55 days have passed since the expiration of the February 9, 2019 deadline of Judge Donio's January 10, 2019 Order. Plaintiff has filed no opposition to this motion and has not sought additional time to do so, and has, this Court finds, abandoned its case. Plaintiff appears to have paid no particular attention to prosecuting this case since October 31, 2018, when Chairman Lawlor directed the Gibbons firm to cease all work.

10. Accordingly, the Court will grant Defendant's motion and dismiss the Complaint. Because Plaintiff has affirmatively abandoned its case and taken no steps since October 31, 2018 to resume prosecuting the case, a further examination of the Poulis factors is unnecessary. See Sebrell, Spain, and Abulkhair, supra.

11. For the foregoing reasons, Defendant's motion to dismiss will be granted and the Complaint will be dismissed with prejudice. An accompanying Order will be entered.

**April 4, 2019**            **s/ Jerome B. Simandle**
Date                                         JEROME B. SIMANDLE
                                                 U.S. District Judge